IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| LaShaun Curry,<br><br>    Plaintiff,<br><br>vs.<br><br>South Carolina State Election Commission,<br><br>    Defendants. | C/A No. 3:22-cv-0911-JFA-TER<br><br>**ORDER** |

## I. INTRODUCTION

In this employment discrimination case, LaShaun Curry ("Plaintiff") sues her former employer, the South Carolina State Election Commission ("Defendant"), based on her termination. Plaintiff alleges claims of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). Plaintiff also asserts a state law claim for defamation. All pretrial proceedings in this case, including Defendant's motion for summary judgment (ECF No. 24) were referred to a Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

After reviewing the motion and all responsive briefs, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Defendant's motion for summary judgment. (ECF No. 36). The

Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on February 9, 2024 (ECF No. 41), to which Defendant replied (ECF No. 42). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III.   DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 36). In response to the Report, Plaintiff enumerated twelve separate objections. (ECF No. 41). Although most of these objections appear to be mere disagreements with the Magistrate Judge's conclusions supported by a rehashing of those arguments previously presented, the Court will nevertheless address each argument below.

**Objection 1**

First, Plaintiff takes issue with the Magistrate Judge's review of the facts surrounding Defendant's reprimands of Plaintiff. Plaintiff has established a prima facie case of discrimination under Title VII.[1] In response, Defendant has articulated a legitimate, nondiscriminatory reason for the adverse employment action.[2] The argument now advanced by Plaintiff is that a question of fact exists as to whether Plaintiff has overcome the burden of showing that the reasons presented by Defendant for her termination were not true reasons, but a pretext for discrimination.

Title VII makes it unlawful for an employer to discriminate against an individual because of that individual's sex. *See* 42 U.S.C. § 2000e–2(a)(1). Plaintiff acknowledges that she can proffer no direct evidence of discrimination, and so elects to proceed under the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny. *See, e.g., Hawkins v. PepsiCo, Inc.,* 203 F.3d 274, 278 (4th Cir.2000). According to the *McDonnell Douglas* burden-shifting test, once Plaintiff establishes a prima facie case, the burden shifts to Defendants "to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Lettieri v. Equant Inc.,* 478 F.3d 640, 646 (4th Cir.2007) (quoting *Hill v. Lockheed Martin Logistics Mgmt., Inc.,* 354 F.3d 277, 285 (4th Cir.2004)). At this stage of the burden-shifting test, a defendant's burden "is one of production, not persuasion; it can

---

[1] The Report correctly cites Defendant's termination as an "adverse employment action" for the purposes of establishing a prima facie case of discrimination under Title VII.

[2] The reasons provided by Defendant for Plaintiff's termination are (1) making false statement to her superior, (2) engaging in improper conduct, (3) failing to maintain satisfactory and harmonious working relationships, and (4) engaging in insubordination. *See*, ECF No. 46 at 25-26.

involve no credibility assessment." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (internal quotation marks and citations omitted). If the employer submits a legitimate nondiscriminatory reason, then the ultimate burden shifts back to Plaintiff to demonstrate "that the legitimate reasons offered by [D]efendant were not its true reasons, but were a pretext for discrimination." *Reeves,* 530 U.S. at 143, 120 S.Ct. 2097 (quoting *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

In considering this test, the Magistrate Judge determined that the written reprimands Plaintiff received did not constitute adverse employment actions. Indeed, the Fourth Circuit has consistently held that an adverse employment action is a discriminatory act that "adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (Quoting *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004)). Absent facts showing real employment injury, written reprimand does not rise to the level of adverse employment action. See *Newman v. Giant Food, Inc.*, 187 F. Supp. 2d 524, 528-29 (D. Md. 2002). Such facts are not present in this case. Instead, Plaintiff's objection is limited to what she contends is the failure of the Magistrate Judge to consider her "rebuttal" emails sent in response to the written reprimands she received. Contrary to Plaintiff's contention, the Magistrate Judge considered the evidence she now cites to. However, the Magistrate Judge appropriately determined that the written reprimands Plaintiff received were not adverse employment action upon which a case of discrimination can be based. Accordingly, Plaintiff's first objection is overruled.

**Objection 2**

Plaintiff next takes issue with the Report's treatment of the facts surrounding Plaintiff's termination by Defendant. Referring again to her own emails and testimony regarding her termination, Plaintiff asserts that the Magistrate Judge improperly concluded that no question of material fact exists regarding the basis for Plaintiff's termination.

The Fourth Circuit squarely addressed this matter in a prior opinion, stating, "Once an employer has provided a non-discriminatory explanation for its decision, the plaintiff cannot seek to expose that rationale as pretextual by focusing on minor discrepancies that do not cast doubt on the explanation's validity, or by raising points that are wholly irrelevant to it." *Hux v. City of Newport News*, 451 F.3d 311, 315 (4th Cir. 2006).

Here, Plaintiff is unable to point to direct evidence of discrimination. Instead, she relies on her contemporaneous rebuttal to written reprimands she received from her employer and differing recollections of her former coworkers regarding workplace attendance on April 2nd. Plaintiff does not make a substantive attack on Defendant's stated reasons for termination, nor does she establish a genuine dispute. Instead, Plaintiff attempts to rely on minor discrepancies to create a non-existent jury question regarding pretext. Despite Plaintiff's disagreement, the Magistrate Judge correctly evaluated the evidence presented regarding the reasoning for Plaintiff's termination. Accordingly, Plaintiff's second objection is overruled.

**Objection 3**

In her third objection, Plaintiff argues that the Magistrate Judge improperly construed statements made by Plaintiff to Defendant. Specifically, Plaintiff contends,

contrary to Defendant, that a statement she made about undergoing training was not misleading. It is Plaintiff's position that this discrepancy constitutes a genuine issue of material fact.

The fact that Plaintiff does not share Defendant's perception of the conversation in question does prove that Defendant has been dishonest about the reasons for which Plaintiff was terminated. Defendant asserts that Defendant believed Plaintiff made false statements which played a role in her termination. Plaintiff has not provided evidence upon which to challenge the sincerity of Defendant's belief. The Court does not "sit as a super-personnel department, weighing the prudence of employment decisions made by the defendants." *DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) (holding that pretext is not a vehicle for substituting the court's judgment for that of the employer). The court need not decide "whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *Hawkins v. Pepsico*, 203 F.3d 274, 279 (4th Cir. 2000) (citing *DeJarnette*, 133 F.3d at 299).

The Report includes a recounting of the conversation to which Plaintiff now points. It is clear the Magistrate Judge considered the conversation before correctly determining that the conversation simply reflects one of Defendant's stated reasons for terminating Plaintiff. Accordingly, Plaintiff's third objection is overruled.

**<u>Objection 4</u>**

Again, Plaintiff points to "contradictory testimony" regarding written reprimands she received and her termination letter. Specifically, Plaintiff argues that the Report ignores discrepancies over who was involved in the preparation of the termination letter Plaintiff

received and contends that these discrepancies create "credibility issues" which must be resolved by a jury. In essence, Plaintiff contends that she has provided evidence that the proffered reasons for her termination were a mere pretext because she has identified inconsistencies in the recollection of certain individuals.

As stated previously, the written reprimands referred to by Plaintiff do not rise to the level of an adverse action. See *Barnes v. Charles Cty. Pub. Schools*, 747 Fed. App'x 115, 119 (4th Cir. 2018). Regarding Plaintiff's termination, Plaintiff clearly disagrees with the decision to terminate her employment. It is also clear that she does not agree with the decision-making of Defendant in the lead up to her termination. However, Plaintiff fails to point to any evidence that the decision to terminate her was based on anything beyond the reasons provided by Defendant. That Plaintiff denies or disputes certain facts that preceded her termination does not change the fact that Defendant used them in deciding to terminate Plaintiff. Title VII does not entitle an employee to "an even, fair, or just investigation." *Bennett v. New Foundations Children and Family Servs., Inc.*, C/A No. 8:08-557-HFF-BHH, 2010 WL 517900, at *8 (D.S.C. Feb. 10, 2010).

The evidence here shows that Defendant made a decision to terminate Plaintiff based on a combination of factors related to Plaintiff's workplace behavior and performance. Plaintiff has not established facts indicating that the decision was made on a discriminatory basis. Thus, Plaintiff's objection on this point must be overruled.

### Objection 5

Plaintiff continues her objections to the Report by next challenging the Magistrate Judge's consideration of evidence of pretext and arguing that a question of material fact

exists as to whether Defendant's proffered nondiscriminatory reasons are false. In support of this assertion, Plaintiff points to three specific examples of alleged pretext.

**Objection 5.1**

First, Plaintiff avers that the evidence used to establish a prima facie case has called into question the employer's purported reasoning such that no additional proof is required. Plaintiff states that statements made by her former coworkers reflect a possibility that race was the reason for the adverse employment action, not the performance issues cited by the Defendant.

The Magistrate Judge correctly established in the Report that at the final stage of the *McDonnell Douglas* framework, when the burden shifts back to the plaintiff to prove pretext, the employee must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant[-employer] were not its true reasons, but were a pretext for discrimination." *Burdine*, 450 U.S. at 253, 101 S.Ct. 1089. "The ultimate burden of persuading the trier of fact" remains with the employee "at all times." *Id.*

The Report identifies evidence produced by Defendant that reveals a contemporaneous, legitimate, non-retaliatory reason for terminating Plaintiff. Plaintiff's response to Defendant's evidence is limited to a few isolated statements elicited from her former coworkers that she contends are supportive of a finding that race was a factor in her termination. None of these statements can sustain a challenge to Defendant's proffer that Defendant was not in fact meeting Defendant's legitimate performance expectations. *See King v. Rumsfeld*, 328 F.3d 145 (4th Cir. 2003). "It is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." *See Evans v. Technologies*

*Applications & Serv. Co.,* 80 F.3d 954, 960–61 (4th Cir.1996). Defendant's reliance on the post-termination recollections of her former co-workers does not provide a window into the decision-making framework of the Defendant and cannot be instructive here. "[W]e have long rejected the relevance of such testimony and held it to be insufficient to establish the third required element of a prima facie discrimination case." *See, e.g., Hawkins v. PepsiCo, Inc.,* 203 F.3d 274, 280 (4th Cir.2000) ("The alleged opinions of Hawkins' co-workers as to the quality of her work are [ ] close to irrelevant." (citation omitted)); *Tinsley v. First Union Nat'l Bank,* 155 F.3d 435, 444 (4th Cir.1998) ("[A]lthough the affidavits put forth by Tinsley document the *fact* that certain co-workers, Bank customers, and attorneys believed Tinsley was doing a good job, they fail to address whether management honestly believed that Tinsley was doing a good job." (emphasis added)).

The opinion of Plaintiff's colleagues regarding her job performance is only probative of the fact that those co-workers felt a certain way about her work. It is not probative of whether Plaintiff's work was actually meeting the legitimate performance expectations of the Defendant. Plaintiff has failed to show that her termination was the result of retaliation for engaging in protected activity Accordingly, this objection must be overruled.

### **Objection 5.2**

Next, Plaintiff argues that a genuine issue of material of fact exists regarding the falsity of Defendant's explanation for terminating Plaintiff. Plaintiff suggests that these facts exist plainly in the record. On the contrary, the evidence here shows that Defendant made a decision to terminate Plaintiff based on a combination of factors related to

Plaintiff's workplace behavior and performance. Again, the Court does not "sit as a super-personnel department, weighing the prudence of employment decisions made by the defendants." *DeJarnette v. Corning, Inc.*, 133 F.3d 293. The minor discrepancies highlighted by Plaintiff in her preceding objections do not create a genuine issue of material fact on this issue. Accordingly, this objection is overruled.

### Objection 5.3

Plaintiff contends that the identity of the individual responsible for her termination is suggestive of pretext, thus creating a material issue of fact. A review of the Report indicates that Plaintiff's disciplinary issues were discussed by her supervisor, Marcie Andino, and Howard Knapp, another Director employed by the Defendant on more than one occasion. This includes Knapp's presence during meetings between Andino and Plaintiff regarding her performance. The Report also highlights meetings between Knapp and the Human Resources liaison Daylin Silber to investigate Plaintiff's complaints. In short, Plaintiff's contention that her supervisor was the only individual involved in the decision to reprimand and terminate her is at odds with the evidence. Further, "[I]n cases where the hirer and the firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action taken by the employer." *Proud v. Stone*, 945 F.2d 796, 798 (4th Cir. 1991) (cleaned up). As Plaintiff was both hired and fired by Andino within a span of approximately eighteen (18) months, there is a presumption that discrimination was not a determining factor for the adverse action taken by Defendant. This

presumption is consistent with the evidence in this case. Thus, this objection must be overruled.

### Objection 6

Plaintiff objects to the Report's finding that the written reprimands are not characterized as adverse employment actions for purposes of Plaintiff's retaliation claim. However, the Report concludes that Plaintiff established a *prima facie* case of retaliation based on her termination. Thus, additional analysis of this objection is unnecessary.[3]

### Objection 7

Plaintiff's seventh objection avers that the Report failed to characterize the written reprimands Plaintiff received as adverse actions and this failure prevented Plaintiff from showing a causal connection between protected activities and the adverse actions based on temporal proximity. However, nothing about the Report's characterization of the written reprimand precludes consideration of the temporal proximity between Plaintiff's engagement in protected activity and Defendant's issuance of written reprimands and termination of Plaintiff. In contrast, the Magistrate Judge carefully set forth the timeline of events relevant to Plaintiff's termination.

In so doing, the Report highlights numerous Fourth Circuit decisions holding that a temporal lapse of even two months is too long without intervening retaliatory acts to support an inference of causation. *See Laurent-Workman v. Wormuth*, 54 F. 4th 201, 219 (4th Cir. 2022). "[T]emporal proximity between an employer's knowledge of protected

---

[3] A review of the disciplinary policy cited by Plaintiff reveals that the policy is not mandatory. Indeed, the policy acknowledges that managers are empowered to use their own judgment to determine appropriate action.

activity and an adverse employment action" may establish causation only if it is "very close." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). It is clear from the Report that the Magistrate Judge carefully, and correctly, evaluated the causal relationship between Plaintiff's actions and those of Defendant. Accordingly, this objection must be overruled.

**<u>Objection 8</u>**

In her eighth objection, Plaintiff contends that the Magistrate Judge made improper credibility determinations regarding the Defendant's Executive Director. There is no evidence that the Magistrate Judge relied on an improper credibility determination in preparing the Report. Plaintiff does not cite to specific instances within the Report, nor does she cite to the purportedly conflicting evidence that she asserts exists. A careful review of the Report reveals that the Magistrate Judge conducted a detailed analysis of the law and facts that apply in this case, and reflects a carefully reasoned determination that Plaintiff has failed to present evidence supporting her position that retaliation for her protected activity, and nothing else, was the reason for her termination. *See Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243 (4th Cir. 2015).

The Magistrate Judge merely reported what the evidence showed and did not make any improper credibility determination. Further, the Court notes in looking at the evidence in the light most favorable to Plaintiff, the Magistrate Judge is not required to ignore evidence adverse to Plaintiff's position and consider only evidence which supports Plaintiff's position. Rather, the Magistrate Judge must look at the evidence, draw all reasonable inferences favorable to Plaintiff's position, and resolve any conflicts in the

evidence in favor of Plaintiff. The Magistrate Judge did all of these things. In summary, instead of showing that the Magistrate Judge made improper credibility determinations and findings of fact, the record reflects that the Magistrate Judge properly concluded that Plaintiff has failed to show a genuine issue of material fact exists. Accordingly, Plaintiff's objection is without merit.

### Objection 9

In her ninth objection, Plaintiff renews her contention that the Magistrate Judge made an improper credibility determination regarding Plaintiff's supervisor, Marcie Andino. Plaintiff asserts that this credibility determination rendered Plaintiff incapable of proving Andino had intent to discriminate and retaliate against her. The Court has already determined that the Magistrate Judge made no such improper credibility determination, and will not delve further into the matter here. Plaintiff's objection is overruled.

### Objection 10

Next, Plaintiff returns to the argument that the Magistrate Judge made an improper credibility determination. Plaintiff now asserts that the credibility determination prevented Plaintiff from proving her case by circumstantial evidence. Plaintiff makes this assertion in spite of the lack of evidentiary support for her position. A review of the Report makes clear that the Magistrate Judge did not make any improper credibility determinations, but rather conducted a thorough and thoughtful analysis of the evidence presented. Indeed, it is clear from the Report that the Magistrate Judge afforded Plaintiff every benefit appropriate at the summary judgment phase. Plaintiff has failed to present evidence

sufficient to create a genuine question of material fact regarding pretext. Accordingly, the objection is overruled.

### Objection 11

In her eleventh objection, Plaintiff contends that the Magistrate Judge disregarded witness statements relevant to Plaintiff's disparate treatment claim. Specifically, Plaintiff points to statements made by three of Plaintiff's former coworkers about her relationship with her supervisor. Plaintiff notes that the statements were made to the South Carolina Human Affairs Commission. These statements are hearsay and were properly disregarded as inadmissible by the Magistrate Judge. "[H]earsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment." *Md. Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991). Plaintiff seeks to rely on the unsworn statements of others, made out of court, in an effort to establish the truth of the matter asserted. Apart from Plaintiff's bare assertions, they have offered no law or authority challenging the Magistrate Judge's findings. Plaintiff's objection is overruled.

### Objection 12

In Plaintiff's final objection she asserts that the Magistrate Judge misapplied the prima facie test for disparate treatment. For the reasons outlined above, the Court will not readdress Plaintiff's contention that the Magistrate Judge erred in disregarding certain statements by Plaintiff's former co-workers. Plaintiff's contention that the Magistrate Judge erred in his application of the prima facie test for disparate treatment is wrong. Under the *McDonell Douglas* framework, a prima facie case (under Title VII of the Civil Rights Act of 1964) is established when a plaintiff proves that (1) she is a member of a protected

class, (2) she was performing her job satisfactorily, (3) an adverse employment action occurred, and (4) the circumstances suggest an unlawfully discriminatory motive. *See McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817.

Plaintiff points to the fourth prong of the prima facie test articulated in *Harris v. Home Sales Co.*, 499 F. App'x 285, 291-92 (4th Cir. 2012), which words the fourth prong as "the position remained open or was filled by similarly qualified applicants outside of the protected class." Plaintiff contends that, under this test, a genuine issue of material fact exists. Plaintiff highlights that Chris Whitmire and Howard Knapp (white males), took over Plaintiff's job duties after she was terminated. This is a misrepresentation of the facts articulated in the Report. Following her termination, Plaintiff's former job duties were split between Whitmire and Knapp, two managers who were already employed with Defendant. Plaintiff's position was not filled by two white men, as she asserts, but rather divided between individuals already present on staff at the time of her termination. The Magistrate Judge correctly assessed Plaintiff's disparate treatment claim, and did not misapply the prima facie test. Plaintiff's objection is overruled.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarized the facts and applies the correct principles of law. (ECF No. 36). Accordingly, the Court adopts the Report and Recommendation. Thus, Defendant's motion for summary judgment is granted.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

February 29, 2024                                             Joseph F. Anderson, Jr.
Columbia, South Carolina                                     United States District Judge